U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 20 2015
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| STANLEY GRANT PHANOR, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | NO. 4:14-CV-1039-A |
| § | |
| RODNEY W. CHANDLER, WARDEN, § | |
| § | |
| Respondent. § | |

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration is the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Stanley Grant Phanor, who is presently incarcerated at Federal Correctional Institution--Fort Worth. Having considered the petition, the response and appendix filed by respondent, Warden Rodney Chandler, and the applicable legal authorities, the court concludes that the petition should be denied.

I.

Background

On June 20, 2006, petitioner was arrested by police in Miami, Florida, on an outstanding warrant for absconding supervision, failing to complete community service, failing to report as required, and failing to pay a monetary obligation, in

his Florida criminal case number F02-14236 in the Circuit Court of the Eleventh Judicial Circuit in and for the county of Miami-Dade, Florida. On June 27, 2006, while still in the primary custody of Miami-Dade County, the United States Marshal Service obtained a writ of habeas corpus ad prosequendum for petitioner to appear on federal charges pending in the United States District Court for the Southern District of Florida in case number 1:06-20373-CR-Lenard. On May 5, 2008, the federal court released petitioner on bond, and he was returned to Miami-Dade county jail.

On May 13, 2008, petitioner's probation in his Florida criminal case was revoked. Petitioner was given 692 days of credit for time served for the period from June 20, 2006, the date of his arrest in Miami-Dade, Florida, to May 13, 2008, the date the Florida court imposed its sentence. Petitioner was sentenced to time served and released.

On May 12, 2009, the United States Marshal Service arrested petitioner and returned him to custody. On November 19, 2009, the court in petitioner's federal criminal case sentenced petitioner to a term of imprisonment of ninety-six months for violations of 18 U.S.C. §§ 2339B and 2339A, conspiracy to provide material support to a foreign terrorist organization and conspiracy to provide material support to a foreign terrorist.

2

The judgment recommended that the Bureau of Prisons award petitioner credit for time served. Petitioner's federal sentence commenced the day it was imposed, November 19, 2009, and he was given 191 days of credit for time spent in custody from May 12, 2009, the date of his arrest by the Marshals, through November 19, 2009, the day before sentencing. Petitioner's projected good-conduct discharge date is June 28, 2016.

II.

Grounds of the Petition

Petitioner asks that the court award him credit towards his federal sentence for the period from June 27, 2006, though May 5, 2008, when petitioner was in custody of the United States Marshal Service on the writ of habeas corpus ad prosequendum, because the writ was issued by federal authorities. Petitioner relies primarily on Willis v. United States, 438 F.2d 923, 925 (5th Cir. 1971), as support for his petition.

III.

Analysis

When a defendant who is in state custody is turned over to federal officials for federal prosecution, the state's loss of jurisdiction is only temporary. Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980). Upon completion of the federal proceedings, the prisoner is then returned to custody of the

state. Id. "A writ of habeas corpus ad prosequendum is only a loan of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." Id. (internal quotation marks and citation omitted). Hence, a transfer from state to federal custody pursuant to a writ of habeas corpus ad prosequendum does not give federal authorities primary jurisdiction of the prisoner. Richardson v. Outlaw, 274 F. App'x 353, 353-54 (5th Cir. 2008) (per curiam).[1]

As applied to the instant action, during the time that petitioner was in federal custody on the writ, he was still under the primary jurisdiction of the state of Florida. The Florida state court judge awarded petitioner credit towards his state sentence for the entire period from June 27, 2006, through May 5, 2008, that petitioner spent in federal custody pursuant to the writ of habeas corpus ad prosequendum. Because petitioner received credit of that time towards his state sentence, he cannot also receive credit of the same period towards his federal sentence. 18 U.S.C. § 3585(b); Edison v. Berkebile, 349 F. App'x 953, 956 (5th Cir. 2009).

Nor does Willis require a different result. Willis

---

[1] The court recognizes that unpublished decisions of the Fifth Circuit are not binding precedent. Nevertheless, the court finds the analyses and holdings of the unpublished cases cited herein instructive in the instant action.

4

applies

> when an inmate is serving concurrent federal and state terms with a state full-term date that is equal to or less than the federal full-term date. When this exception applies, an inmate is entitled to receive credit toward his federal sentence for all pre-sentence, non-federal custody that occurs on or after the date of the federal offense until the date that the first sentence (state or federal) begins.

Edison, 349 F. App'x at 956 (discussing Willis). Here, not only did petitioner's state and federal sentences not run concurrently, his state sentence ended prior to the imposition and commencement of the federal one. Willis thus affords petitioner no relief.

Because petitioner has been afforded all the credit to which he is due, the petition is denied.

IV.

Order

Therefore,

The court ORDERS that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Stanley Grant Phanor be, and is hereby, denied.

SIGNED February 20, 2015.

_____
JOHN McBRYDE
United States District Judge